**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **U.S. COMMODITY FUTURES TRADING COMMISSION,** <br><br> Plaintiff, <br><br> v. <br><br> **ALPHAMETRIX, LLC,** <br><br> Defendant, <br><br> **ALPHAMETRIX GROUP, LLC,** <br><br> Relief Defendant. | **Civil Action No: _____** <br><br> **Hon._____** <br><br> **COMPLAINT FOR INJUNCTIVE RELIEF, CIVIL MONETARY PENALTIES, AND OTHER EQUITABLE RELIEF** |

**COMPLAINT**

The U.S. Commodity Futures Trading Commission ("CFTC" or "Commission"), by and through its attorneys, hereby alleges as follows:

**I.     INTRODUCTION**

1. Between at least January 1 and October 31, 2013, defendant AlphaMetrix, LLC ("AlphaMetrix"), a registered commodity pool operator ("CPO") and commodity trading advisor ("CTA"), misappropriated at least $2.8 million in funds belonging to participants of numerous pools operated by AlphaMetrix and issued false or misleading account statements to these pool participants that concealed its fraud.

2. Specifically, AlphaMetrix agreed to pay rebates of fees to certain participants in commodity pools it operated by reinvesting the rebates in the commodity pools in the name, and on behalf, of the participants. Between approximately January 1 and October 31, 2013, AlphaMetrix was obligated to reinvest at least $2.8 million worth of rebates back into

commodity pools in this manner. However, AlphaMetrix failed to reinvest these funds and instead transferred them to bank accounts of its parent company, AlphaMetrix Group, LLC ("AMG"). As a result of this unlawful conduct, AMG received AlphaMetrix pool participant funds to which it had no legitimate interest or entitlement.

3. Account statements that AlphaMetrix emailed to these pool participants during this time period reflected increases in the participants' net asset values, as if the rebates had been reinvested in the pools, even though they were not.

4. In October 2013, AMG and Aleks A. Kins ("Kins"), the President and Chief Executive Officer of AMG and AlphaMetrix, admitted in a letter to participants describing "significant cash flow issues" that AMG was encountering that AlphaMetrix did not actually reinvest funds owed pursuant to rebate agreements, which "may have an impact on the pools' net asset values."

5. By engaging in this conduct and the conduct further described herein, AlphaMetrix has engaged, is engaging, or is about to engage in acts and practices that violate core anti-fraud provisions of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 1 *et seq*. (2012). Specifically, by misappropriating pool participant funds, AlphaMetrix has violated Sections 4b(a)(1)(A)-(C) and 4*o*(1) of the Act, 7 U.S.C. §§ 6b(a)(1)(A)-(C) and 6*o*(1) (2012).

6. Unless immediately restrained and enjoined by this Court, AlphaMetrix is likely to continue engaging in the acts and practices alleged in this Complaint, and additional pool participant funds may be misappropriated or otherwise dissipated. Accordingly, the CFTC brings this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012), to enjoin AlphaMetrix's unlawful acts and practices and to compel its compliance with the Act. The CFTC also seeks civil monetary penalties and remedial ancillary relief, including restitution,

disgorgement, pre- and post-judgment interest, and such other equitable relief as this Court may deem necessary and appropriate.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2012), which authorizes the CFTC to seek injunctive relief against any person whenever it appears that such person has engaged, is engaging, or is about to engage in any act or practice that violates any provision of the Act or any rule, regulation, or order promulgated thereunder.

8. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2012), because AlphaMetrix is located and transacted business in this District, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this District, among other places.

## III. PARTIES

9. Plaintiff **U.S. Commodity Futures Trading Commission** is an independent federal regulatory agency charged by Congress with the responsibility for administering and enforcing the provisions of the Act, 7 U.S.C. §§ 1 *et seq.* (2012)*,* and the Regulations promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2013).

10. Defendant **AlphaMetrix, LLC** is a Delaware limited liability company with its principal place of business located in Chicago, Illinois. AlphaMetrix has been registered with the Commission as a CPO and CTA since July 2005.

## IV. RELIEF DEFENDANT

11. **AlphaMetrix Group, LLC** is the parent company and 100% owner of AlphaMetrix. AMG has never been registered with the CFTC in any capacity. As further

described herein, AMG received AlphaMetrix pool participant funds that were obtained through AlphaMetrix's unlawful conduct and to which AMG had no legitimate interest or entitlement.

## V. ALPHAMETRIX MISAPPROPPRIATED COMMODITY POOL FUNDS

12. AlphaMetrix acts as the CPO of approximately 90 different commodity pools, and as of August 31, 2013, it had approximately $700 million in assets under management.

13. Since at least 2006, AlphaMetrix has executed approximately 47 agreements, to which it commonly referred as "side letters," with participants in approximately 23 of the commodity pools that AlphaMetrix operated. Approximately 46 of these side letters remained in effect as of October 24, 2013.

14. According to a typical side letter, AlphaMetrix agreed to "rebate" to a pool participant certain fees in return for the participant's continued participation in the pool, and the participant authorized AlphaMetrix to "reinvest the Rebate into the [commodity pool] in the name of and on behalf of" the participant.

15. Under the terms and conditions of these side letters, between approximately January 1 and October 31, 2013, AlphaMetrix was obligated to reinvest at least $2.8 million worth of rebates in commodity pools operated by AlphaMetrix in the name, and on behalf, of pool participants.

16. However, during that time period, AlphaMetrix failed to reinvest these funds in the commodity pools. Instead, AlphaMetrix transferred these funds from accounts held in the names of commodity pools that it operated into bank accounts held in AlphaMetrix's name, and from there into bank accounts held in AMG's name. As a result of this conduct, AMG received AlphaMetrix pool participant funds to which it had no legitimate interest or entitlement.

17. As a result of failing to reinvest rebates in commodity pools in the name, and on behalf, of pool participants as required by the side letters, and instead transferring those funds ultimately to AMG bank accounts, AlphaMetrix has misappropriated at least $2.8 million of commodity pool funds since at least January 1, 2013.

18. Between January 1 and October 31, 2013, AlphaMetrix emailed pool participants with side letters account statements that reflected increases in the participants' net asset values, as if the rebates had been reinvested in the pools, even though they were not.

19. In an October 10, 2013 letter to pool participants, which was signed by Kins as President and CEO of AMG, AMG admitted AlphaMetrix's failure to reinvest rebates owed to pool participants. The letter stated that AMG "has recently encountered significant cash flow issues . . . . As a result of this, the CPO [AlphaMetrix] has delayed fee rebates owed to certain of its third party money managers and participants, which should have been reinvested into various pools, but were not. The fact that these fee rebates were not reinvested may have an impact on the pools' net asset values."

## VI. VIOLATIONS OF THE COMMODITY EXCHANGE ACT

### COUNT I

**Violations of Section 4b(a)(1)(A)-(C) of the Act:
Fraud by Misappropriation and False or Misleading Statements**

20. Paragraphs 1 through 19 are realleged and incorporated herein by reference.

21. Section 4b(a)(1)(A)-(C) of the Act, 7 U.S.C. §6b(a)(1)(A)-(C) (2012), makes it unlawful for any person, in or in connection with any order to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person: (A) to cheat or defraud or attempt to cheat or defraud such other person;

5

(B) willfully to make or cause to be made to such other person any false report or statement, or willfully to enter or cause to be entered for such other person any false record; or (C) willfully to deceive or attempt to deceive such other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for such other person.

22. By failing to reinvest rebates in commodity pools in the name, and on behalf, of pool participants as required by side letters with pool participants and as reflected in account statements emailed to pool participants, and instead transferring those funds ultimately to AMG, AlphaMetrix misappropriated pool participant funds and issued false or misleading account statements in violation of Section 4b(a)(1)(A)-(C) of the Act.

23. Each act of failing to reinvest rebates in commodity pools in the name, and on behalf, of pool participants as required by side letters with pool participants and issuing false or misleading account statements, including, but not limited to, those specifically alleged herein, constitutes a separate and distinct violation of Section 4b(a)(1)(A)-(C) of the Act.

## COUNT II

### Violations of Section 4*o*(1)(A) and (B) of the Act: Fraud by a CPO/CTA

24. Paragraphs 1 through 19 are realleged and incorporated herein by reference.

25. Section 4*o*(1) of the Act, 7 U.S.C. § 6*o*(1), in relevant part, prohibits CPOs and CTAs from using the mails or other means of interstate commerce, directly or indirectly, to: (A) employ any device, scheme, or artifice to defraud any participant; or (B) engage in any transaction, practice, or course of business that operates as a fraud or deceit upon any participant.

26. By failing to reinvest rebates in commodity pools in the name, and on behalf, of pool participants as required by side letters with pool participants and as reflected in account

6

statements emailed to pool participants, and instead transferring those funds ultimately to AMG, AlphaMetrix misappropriated pool participant funds and issued false or misleading account statements in violation of Section 4$o$(1)(A) and (B) of the Act.

27. Each act of failing to reinvest rebates in commodity pools in the name, and on behalf, of pool participants as required by side letters with pool participants and issuing false or misleading account statements, including, but not limited to, those specifically alleged herein, constitutes a separate and distinct violation of Section 4$o$(1)(A) and (B) of the Act.

## COUNT III

### Disgorgement of Funds from Relief Defendant

28. Paragraphs 1 through 19 are realleged and incorporated herein by reference.

29. By failing to reinvest rebates in commodity pools in the name, and on behalf, of pool participants as required by side letters with pool participants, and instead transferring those funds ultimately to AMG, AlphaMetrix misappropriated pool participant funds in violation of the Act.

30. AMG received pool participant funds as a result of AlphaMetrix's misappropriation to which it has no legitimate interest or entitlement and has thereby been unjustly enriched.

31. AMG should be required to disgorge funds up to the amount of funds it received as a result of AlphaMetrix's unlawful conduct or the value of those funds that it may have subsequently transferred to third parties.

## VII. RELIEF REQUESTED

WHEREFORE, for the reasons stated above, the Commission respectfully requests that this Court, as authorized by Section 6c of the Act, 7 U.S.C. § 13a-1 (2012), and pursuant to its own equitable powers:

A.  Enter an order finding AlphaMetrix liable for violating Sections 4b(a)(1)(A)-(C) and 4*o*(1)(A) and (B) of the Act, 7 U.S.C. §§ 6b(a)(1)(A)-(C) and 6*o*(1)(A), (B);

B.  Enter a Statutory Restraining Order with notice and an order of preliminary injunction pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2012), restraining AlphaMetrix, all persons insofar as they are acting in the capacity of AlphaMetrix's agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with AlphaMetrix who receive actual notice of such order by personal service or otherwise, from directly or indirectly:

1.  destroying, mutilating, concealing, altering, or disposing of any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records, or other property of AlphaMetrix, including all such records concerning AlphaMetrix's business operations, wherever located;

2.  refusing to permit authorized representatives of the CFTC to inspect, when and as reasonably requested, any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records, or other property of AlphaMetrix, including all such records concerning AlphaMetrix's business operations, wherever located; and

3.  withdrawing, transferring, removing, dissipating, concealing, assigning, pledging, encumbering, disbursing, converting, selling, or otherwise disposing of, in any manner, any funds, assets, or other property of AlphaMetrix, wherever situated;

C.  As part of the Statutory Restraining Order, appoint a corporate monitor to administer the Statutory Restraining Order and perform such other duties as the Court may consider appropriate, and require AlphaMetrix to cooperate fully with the corporate monitor;

D. Enter an order of preliminary injunction requiring AlphaMetrix to make an accounting to the Court of all of AlphaMetrix's assets and liabilities, together with all funds AlphaMetrix received from and paid to pool participants and other persons in connection with commodity futures transactions, or purported commodity futures transactions, including the names, mailing addresses, email addresses, and telephone numbers of any such persons from whom it received such funds, and all disbursements for any purpose whatsoever of funds received from pool participants, including salaries, commissions, fees, loans, and other disbursements of money or property of any kind;

E. Enter an order of preliminary injunction requiring AlphaMetrix immediately to identify and provide an accounting for all assets and property that it currently maintains outside the United States, including, but not limited to, all funds on deposit in any financial institution, futures commission merchant, bank, or savings and loan account held by, under the actual or constructive control of, or in the name of either of AlphaMetrix or any commodity pool operated by AlphaMetrix, whether jointly or otherwise, and requiring it to repatriate all funds held in such accounts by paying them to the Registry of the Court, or as otherwise ordered by the Court, for further disposition in this case;

F. Enter orders of preliminary and permanent injunction restraining AlphaMetrix, all persons insofar as they are acting in the capacity of AlphaMetrix's agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with AlphaMetrix who receive actual notice of such order by personal service or otherwise, from directly or indirectly:

    1. engaging in conduct in violation of Sections 4b(a)(1)(A)-(C) and 4*o*(1)(A) and (B) of the Act, 7 U.S.C. §§ 6b(a)(1)(A)-(C) and 6*o*(1)(A), (B);

    2.    trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a (40) (2012);

    3.    entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 1.3(hh), 17 C.F.R. § 1.3(hh) (2013)) ("commodity options"), security futures products, swaps (as that term is defined in Section 1a(47) of the Act, 7 U.S.C. §1a(47) (2012), and further defined by Regulation 1.3(xxx), 17 C.F.R. § 1.3(xxx) (2013), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) (2012) ("forex contracts"), for any personal or proprietary account or for any account in which it has a direct or indirect interest;

    4.    having any commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts traded on its behalf;

    5.    controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts;

    6.    soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, security futures products, swaps, and/or forex contracts;

    7.    applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2013); and

        8.      acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2013)), agent, or any other officer or employee of any person registered, exempted from registration, or required to be registered with the CFTC, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2013);

        G.      Enter an order directing AlphaMetrix to make full restitution, pursuant to such procedures as the Court may order, to every person or entity whose funds AlphaMetrix received or caused another person or entity to receive as a result of acts and practices that constituted violations of the Act as described herein, and pre- and post-judgment interest thereon from the date of such violations;

        H.      Enter an order directing AlphaMetrix, AMG as a relief defendant, and any successors thereof, to disgorge, pursuant to such procedures as the Court may order, all benefits received, including, but not limited to, salaries, commissions, loans, fees, revenues, and profits derived, directly or indirectly, from acts or practices which constitute violations of the Act as described herein, including pre-judgment interest thereon from the date of such violations;

        I.      Enter an order directing AlphaMetrix, and any successors thereof, to pay a civil monetary penalty in the amount of not more than the greater of: (1) triple the monetary gain to AlphaMetrix for each violation of the Act; or (2) $140,000 for each violation of the Act, plus post-judgment interest;

        J.      Enter an order requiring AlphaMetrix, and any successors thereof, to pay costs and fees as permitted by 28 U.S.C. §§ 1920 and 2412(a)(2) (2012); and

K.  Enter an order providing such other remedial ancillary relief as the Court may deem necessary and appropriate under the circumstances.

Date: November 4, 2013

Respectfully submitted,

_/s/_

Stephanie Reinhart, ARDC #6287179
Senior Trial Attorney
U.S. Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0688
sreinhart@cftc.gov

David Terrell, ARDC #6196293
Senior Trial Attorney
U.S. Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0539
dterrell@cftc.gov

Scott Williamson, ARDC #6191293
Deputy Regional Counsel
U.S. Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0560

Rosemary Hollinger, ARDC # 3123647
Deputy Director
U.S. Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0520
rhollinger@cftc.gov