**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **U.S. COMMODITY FUTURES TRADING COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ALPHAMETRIX, LLC,**<br><br>**Defendant,**<br><br>**ALPHAMETRIX GROUP, LLC,**<br><br>**Relief Defendant.** | **Civil Action No: 1:13-cv-7896**<br><br>**Hon. Joan H. Lefkow** |

**MODIFIED CONSENT STATUTORY RESTRAINING ORDER**

On November 4, 2013, Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint against defendant AlphaMetrix, LLC ("AlphaMetrix") seeking injunctive and other equitable relief and penalties for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1 *et seq*. (2012). Contemporaneously, the CFTC filed a Motion for a Statutory Restraining Order ("Motion"), a Motion for Preliminary Injunction, and a Memorandum in Support of Plaintiff's Motions for a Statutory Restraining Order and Preliminary Injunction.

AlphaMetrix, without admitting or denying the allegations of the Complaint for the purposes of this Order, except as to jurisdiction and venue, which it admits, hereby consents to the entry of this Order. AlphaMetrix further states that its consent is entered into voluntarily and that no promise or threat has been made by the CFTC or any member, officer, agent, or representative thereof to induce it to consent to this Order.

1. **THE PARTIES AGREE AND THE COURT FINDS:**

1. This Court has jurisdiction over AlphaMetrix and the subject matter of this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2012), which authorizes this Court to enter a statutory restraining order against AlphaMetrix.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e).

3. AlphaMetrix agrees to the entry of this Order.

## ORDER

### DEFINITIONS

For the purposes of this Order, the following definitions apply:

4. "Assets" means any legal or equitable interest in, right to, or claim to any real or personal property, including, but not limited to, chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts including bank accounts and accounts at financial institutions, credits, receivables, lines of credit, securities, contracts including spot and futures contracts, insurance policies, and all cash, wherever located.

5. "Document" is synonymous in meaning and equal in scope to the usage of the term in FED. R. CIV. P. 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

6. "AlphaMetrix" refers to AlphaMetrix, LLC and all persons insofar as they are acting in the capacity of AlphaMetrix's agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with AlphaMetrix who receive actual notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express.

## RELIEF GRANTED

## STATUTORY RESTRAINING ORDER

## I.CORPORATE MONITOR

IT IS HEREBY ORDERED that Deborah Thorne of Barnes & Thornburg LLP is appointed as corporate monitor ("Corporate Monitor") for AlphaMetrix, all commodity pools operated by AlphaMetrix, and all funds, assets, or other property of AlphaMetrix or commodity pools operated by AlphaMetrix, including, but not limited to, pool participant funds.

IT IS FURTHER ORDERED that the Corporate Monitor shall be the agent of this Court in acting as the Corporate Monitor under this Order.

IT IS FURTHER ORDERED that the Corporate Monitor is directed and authorized to ensure that at least 90% of pool participant funds are returned to participants by no later than November 25, 2013. The Corporate Monitor is hereby authorized the following powers to accomplish this directive:

A. The Corporate Monitor shall approve any and all withdrawals, transfers, disbursements, or other disposal of any funds, assets, or other property of AlphaMetrix or commodity pools operated by AlphaMetrix prior to such withdrawal, transfer, disbursement, or other disposal. No withdrawal, transfer,

disbursement, or other disposal of any funds, assets, or other property of AlphaMetrix or commodity pools operated by AlphaMetrix shall occur without prior approval of the Corporate Monitor.

B. The Corporate Monitor shall prevent the improper withdrawal or misuse of pool participant funds and otherwise protect the interests of pool participants.

C. The Corporate Monitor is authorized to retain the services of accounting or other financial professionals currently or previously utilized by AlphaMetrix to evaluate and determine the amount of funds due to pool participants and others.

D. The Corporate Monitor is authorized to retain the services of employees currently or previously employed or utilized by AlphaMetrix.

E. The Corporate Monitor shall ensure that all commodity futures or other positions in all commodity pools operated by AlphaMetrix are closed expeditiously. The Corporate Monitor is authorized to retain the services of any trading advisors currently or previously utilized by AlphaMetrix to close such positions; in the event such services are not available, the Corporate Monitor is authorized to appoint personnel, including the Corporate Monitor, to close such positions.

F. In the event sufficient AlphaMetrix personnel are no longer available to ensure that pool participant funds are returned as required by this provision of the Order, the Corporate Monitor is authorized to hire independent contractors and technical specialists as the Corporate Monitor deems necessary.

G. The Corporate Monitor is authorized to approve payments and disbursements other than the return of pool participant funds to participants if the Corporate Monitor deems such payments and disbursements necessary to carry out the directives of, or exercise the authority granted by, this provision of the Order.

IT IS FURTHER ORDERED that AlphaMetrix shall cooperate fully with and assist the Corporate Monitor in carrying out the directives of this provision of the Order, subject to an appropriate assertion of the Fifth Amendment privilege against self-incrimination or other appropriate assertion of privilege or right. This cooperation and assistance includes, but is not limited to, providing any and all information to the Corporate Monitor that the Corporate Monitor deems necessary to carry out the directives of, or exercising the authority granted by, this provision of the Order.

IT IS FURTHER ORDERED that on or before December 2, 2013, the Corporate Monitor shall file with the Court a report summarizing expenditures of funds, assets, or other property of AlphaMetrix or commodity pools operated by AlphaMetrix that were approved by the Corporate Monitor; the amount of pool participant funds that have been returned to participants; the amount of pool participant funds still owed to participants, if any, and what funds, assets, or other property are available to satisfy that amount; and what commodity futures or other positions in commodity pools operated by AlphaMetrix have not been closed, if any.

## I.ASSET FREEZE

IT IS HEREBY ORDERED that AlphaMetrix is restrained and enjoined from, directly or indirectly, withdrawing, transferring, removing, dissipating, concealing, assigning, pledging, leasing, loaning, encumbering, disbursing, converting, selling, liquidating, alienating, or otherwise disposing of any funds, assets, or other property, wherever located, including funds, assets, or other property held outside the United States, except as authorized by the Corporate Monitor in accordance with Part I of this Order. The assets affected by this Paragraph shall include both existing assets and assets acquired after the effective date of this Order.

**IT IS FURTHER ORDERED** that, until further Order of this Court, any bank, financial or brokerage institution, entity, or person that holds, controls, or maintains custody of any funds, assets, or other property of AlphaMetrix or commodity pools operated by AlphaMetrix, or has held, controlled, or maintained custody of any funds, assets, or other property of AlphaMetrix or any commodity pool operated by AlphaMetrix, and who receives notice of this Order by any means, including facsimile, electronic mail, United Parcel Service, or Federal Express, shall:

A. prohibit AlphaMetrix from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such assets, except as authorized by the Corporate Monitor in accordance with Part I of this Order;

B. deny AlphaMetrix access to any safe deposit box that is:

1. titled in the name of or maintained by AlphaMetrix or any commodity pool operated by AlphaMetrix, whether individually, jointly, or in any other capacity, including safe deposit boxes titled in the name of or maintained by nominees of AlphaMetrix; or

2. otherwise subject to the control of or access by AlphaMetrix; and

A. cooperate with all reasonable requests of the CFTC relating to implementation of this Order, including producing records related to AlphaMetrix's businesses and accounts held by AlphaMetrix or commodity pools operated by AlphaMetrix.

## I.PROHIBITION OF DESTRUCTION OF BOOKS AND RECORDS

**IT IS HEREBY ORDERED THAT** AlphaMetrix is restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, or disposing of any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records, or other property of AlphaMetrix or any commodity pool operated by AlphaMetrix, including all such records concerning the business operations of AlphaMetrix and any commodity pool operated by AlphaMetrix, wherever located.

## II.ACCESS TO AND INSPECTION OF BOOKS AND RECORDS

**IT IS FURTHER ORDERED** that representatives of the CFTC be allowed immediately to inspect the books, records, and other documents of AlphaMetrix, any commodity pool operated by AlphaMetrix, and their agents, including, but not limited to, documents, correspondence, brochures, manuals, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of AlphaMetrix or others, and to copy said books, records, and other documents, either on or off the premises where they may be situated.

## III.FURTHER VIOLATIONS OF THE ACT

**IT IS FURTHER ORDERED** that AlphaMetrix is restrained from engaging in conduct in violation of Sections 4b(a)(1)(A)-(C) and 4*o*(1) of the Act, 7 U.S.C. §§ 6b(a)(1)(A)-(C) and 6*o*(1) (2012).

## IV.STAY

**IT IS FURTHER ORDERED** that, unless granted leave of this Court, during the pendency of the corporate monitorship established by Part I of this Order, AlphaMetrix and all other persons and entities are hereby stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, or in the name of AlphaMetrix or any commodity pool operated by AlphaMetrix, the Corporate Monitor, or the Corporate Monitor's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

A. commencing, prosecuting, litigating, or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

B. accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, taking or attempting to take possession of, or retaining possession of property of or claimed by AlphaMetrix or any commodity pool operated by AlphaMetrix, or attempting to foreclose, forfeit, alter, or terminate any of AlphaMetrix's interests in property, whether such acts are part of a judicial proceeding or otherwise;

C. using self-help or executing, issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding, taking possession of, interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of AlphaMetrix or any commodity pool operated by AlphaMetrix, or the Corporate Monitor or any agent of the Corporate Monitor; and

D. doing any act or thing to interfere with the Corporate Monitor or the directives of the Corporate Monitor, or to interfere with the exclusive jurisdiction of this Court over the funds, assets, or other property of AlphaMetrix and any commodity pool operated by AlphaMetrix.

This paragraph does not apply to the commencement or continuation of any action or proceeding by a governmental or regulatory unit, such as the U.S. Department of Justice or the National Futures Association, to enforce such governmental or regulatory unit's police or regulatory power.

## I.SERVICE OF ORDER AND ASSISTANCE OF U.S. MARSHALS SERVICE

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including personal service, United Parcel Service, Federal Express, or other commercial overnight service, email, facsimile, Rule 5 of the Federal Rules of Civil Procedure, or Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of AlphaMetrix or any commodity pool operated by AlphaMetrix, or that may be subject to any provision of this Order. Joseph Patrick, an employee of the CFTC, is hereby specially appointed to serve process, including of this Order and all other papers in this case.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service is directed to assist the CFTC with service of process, including of the Summons and Complaint and all other papers in this case, as well as assist the CFTC with taking control and custody of the assets, records, and business premises of AlphaMetrix.

## II.BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED THAT** pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b), no bond need be posted by the CFTC, which is an agency of the United States of America.

## III.SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED** that AlphaMetrix shall serve all pleadings, correspondence, notices required by this Order, and other materials on the CFTC by delivering a copy to Stephanie Reinhart, Senior Trial Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, 525 W. Monroe St., Suite 1100, Chicago, Illinois, 60661 and/or by filing such pleadings or other materials electronically with the Court.

## IV.COURT MAINTAINS JURISDICTION

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court upon application, notice, and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes.

## V.FURTHER COURT HEARINGS

**IT IS FURTHER ORDERED** that this matter is set for a status hearing on November 19, 2013 at 9:00 a.m., and that Plaintiff's Motion for Preliminary Injunction is continued to November 19, 2013 at 9:00 a.m.

**IT IS SO ORDERED**.

Joan H Lefkow

**U.S. District Court Judge**

Dated: November 12, 2013

CONSENTED TO AND APPROVED BY:

/s/Juris Kins
Juris Kins
Davis McGrath LLC
Attorney for Defendant AlphaMetrix, LLC
125 South Wacker Drive, Suite 1700
Chicago, IL 60606
jkins@davismcgrath.com
(312) 782-8477
Illinois ARDC No. 1468405

Dated: November 12, 2013

/s/Stephanie Reinhart
Stephanie Reinhart
Attorney for Plaintiff
U.S. Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, IL 60661
sreinhart@cftc.gov
(312) 596-0688 (direct dial)
(312) 596-0714 (facsimile)
Illinois ARDC No. 6287179

Dated: November 12, 2013

________________________________

Aleks A. Kins
President and Chief Executive Officer
AlphaMetrix, LLC

Dated: ________________________, 2013