**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **U.S. COMMODITY FUTURES TRADING COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ALPHAMETRIX, LLC,**<br><br>**Defendant,**<br><br>**ALPHAMETRIX GROUP, LLC,**<br><br>**Relief Defendant.** | **Civil Action No: 1:13-cv-7896**<br><br>**Hon. Joan H. Lefkow** |

**MODIFIED CONSENT STATUTORY RESTRAINING ORDER EXPANDING ROLE OF CORPORATE MONITOR TO TEMPORARY EQUITY RECEIVER**

On November 4, 2013, Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint against Defendant AlphaMetrix, LLC ("AlphaMetrix") seeking injunctive and other equitable relief and penalties for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1 *et seq*. (2012). (Doc. No. 1) The Complaint named AlphaMetrix's parent, AlphaMetrix Group, LLC ("AMG"), as relief defendant. Together with its Complaint, Plaintiff filed a Motion for a Statutory Restraining Order seeking, among other things, the appointment of a Corporate Monitor for defendant AlphaMetrix, all commodity pools operated by AlphaMetrix, and all funds, assets, or other property of AlphaMetrix or commodity pools operated by AlphaMetrix, including but not limited to, pool participants' funds. (Doc. No. 7 and 7-1) On November 5, 2013, the Court entered a Consent Statutory Restraining Order appointing Deborah Thorne of Barnes & Thornburg LLP as Corporate Monitor of defendant

AlphaMetrix. (Doc. No. 14) As set forth in two reports to the Court (Doc. Nos. 20 and 27), the Corporate Monitor has determined that there has been a significant interrelationship of assets between AlphaMetrix and AMG, and that the interests of AlphaMetrix commodity pool participants and the public would be best served in this matter if the Court appoints Ms. Thorne as Receiver for AMG and all of its subsidiaries and affiliates, including AlphaMetrix.

AlphaMetrix, without admitting or denying the allegations of the Complaint for the purposes of this Order, except as to jurisdiction and venue, which it admits, hereby consents to the entry of this Order. AlphaMetrix further states that it continues to cooperate with the Corporate Monitor, and its consent herein is entered into voluntarily, and no promise or threat has been made by the CFTC or any member, officer, agent, or representative thereof to induce it to consent to this Order.

Having considered Plaintiff's oral Motion to Appoint a Temporary Equity Receiver, and being fully advised in the premises,

**THE PARTIES AGREE AND THE COURT FINDS:**

1. This Court has jurisdiction over AMG and AlphaMetrix and the subject matter of this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2012), which authorizes this Court to appoint a temporary equity receiver.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2012).

3. AlphaMetrix agrees to the entry of this Order.

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

4. “Assets” means any legal or equitable interest in, right to, or claim to any real or personal property, including, but not limited to, chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts including bank accounts and accounts at financial institutions, credits, receivables, lines of credit, securities, contracts including spot and futures contracts, insurance policies, and all cash, wherever located.

5. “Document” is synonymous in meaning and equal in scope to the usage of the term in FED. R. CIV. P. 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

6. “AlphaMetrix” refers to AlphaMetrix, LLC and all persons insofar as they are acting in the capacity of AlphaMetrix’s agents, servants, successors, employees, and assigns, and all persons insofar as they are acting in active concert or participation with AlphaMetrix who receive actual notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express.

7. “AMG” refers to AlphaMetrix Group, LLC and all persons insofar as they are acting in the capacity of AMG’s agents, servants, successors, employees, and assigns, and all persons insofar as they are acting in active concert or participation with AMG who receive actual notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express.

## APPOINTMENT OF TEMPORARY EQUITY RECEIVER

**IT IS HEREBY ORDERED** that Deborah Thorne of Barnes & Thornburg LLP is hereby appointed temporary equity receiver ("Receiver") for AMG and all of its subsidiaries and affiliates, including AlphaMetrix and all commodity pools operated by AlphaMetrix, and all funds, properties, premises, accounts and other assets directly or indirectly owned, beneficially or otherwise, by AMG and all of its subsidiaries and affiliates, including AlphaMetrix and all commodity pools operated by AlphaMetrix ("Receivership Assets").

**IT IS FURTHER ORDERED** that the Receiver shall be the agent of this Court in acting as Receiver under this Order.

## I. POWERS OF THE RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following directives:

A. Take exclusive custody, control, and possession of all Receivership Assets. The Receiver is authorized to have all mail that is sent to AMG and all of its subsidiaries and affiliates, including AlphaMetrix, delivered to her. The Receiver shall have full power to sue for, collect, receive, and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including computer-maintained information and digital data and other papers and documents of AMG and all of its subsidiaries and affiliates, including AlphaMetrix;

B. The Receiver is authorized to enter and inspect any and all business premises under the control of AMG and all of its subsidiaries and affiliates, including AlphaMetrix, and take documents or other property related to AMG and all of its subsidiaries and affiliates, including AlphaMetrix and all commodity pools operated by AlphaMetrix;

C. Preserve, hold, and manage all Receivership Assets, and perform all acts necessary to preserve the value of those assets, in order to prevent any loss, damage or injury to AlphaMetrix's pool participants;

D. Prevent the withdrawal or misapplications of funds entrusted to AMG and all of its subsidiaries and affiliates, including AlphaMetrix and all commodity pools operated by AlphaMetrix, and to otherwise protect the interests of commodity pools operated by AlphaMetrix;

E. Collect all money owed to AMG and all of its subsidiaries and affiliates, including AlphaMetrix;

F. Initiate, defend, compromise, adjust, intervene, dispose of, or become a party to any actions or proceedings in state, federal, or foreign jurisdictions necessary to preserve or increase the assets of AMG and all of its subsidiaries and affiliates, including AlphaMetrix and all commodity pools operated by AlphaMetrix, or to carry out the Receiver's duties pursuant to this Order;

G. Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities, upon obtaining leave of this Court and thereafter, only upon further order of this Court. However, the Receiver shall not have the power to engage, select, or direct counsel for AMG or AlphaMetrix in this action or any other regulatory action which may subsequently be brought against AMG or AlphaMetrix, with such power residing in Aleks Kins who is the sole manager and majority owner of AMG;

H. Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

I. Open one or more bank or securities accounts as designated depositories for funds of AMG and all of its subsidiaries and affiliates, including AlphaMetrix. The Receiver is authorized to continue using the accounts currently open at JPMorgan Chase Bank, N.A. in the name of the various commodity pools previously operated by AlphaMetrix so that she can effect the redemption of the pool participants' funds. The Receiver shall deposit all funds of AMG and all of its subsidiaries and affiliates, including AlphaMetrix, in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts. The Receiver is authorized to invest receivership funds in U.S. Treasury securities, money market funds, or other interest-bearing accounts as appropriate in her judgment;

J. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by AMG, and all of its subsidiaries and affiliates, including AlphaMetrix prior to the date of entry of this Order, except for payments that the Receiver deems necessary or advisable to secure assets of AMG and all of its subsidiaries and affiliates, including AlphaMetrix and all commodity pools operated by AlphaMetrix, or to close out the commodity pools and prepare year-end financial statements;

K. Close out all commodity futures positions or other outstanding positions and/or hold such assets without further court order; and

L. Hire or dismiss any and all personnel currently employed by AMG or any if its subsidiaries and affiliates, including AlphaMetrix.

## II. DELIVERY TO THE RECEIVER

**IT IS FURTHER ORDERED** that, immediately upon service of this Order upon them, AMG and all of its subsidiaries and affiliates, including AlphaMetrix, and any other person or entity served with a copy of this order shall, immediately or within such time as permitted by the Receiver in writing, deliver over to the Receiver;

A. Possession and custody of all funds and all other assets, including but not limited to any computers or other related property, belonging to AMG, and all of its subsidiaries and affiliates, including AlphaMetrix;

B. Possession and custody of documents of AMG and all of its subsidiaries and affiliates, including AlphaMetrix and all commodity pools operated by AlphaMetrix, not previously produced to the Corporate Monitor or the CFTC, including, but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, customer statements, title documents and other papers;

C. Possession and custody of all assets belonging to members of the public now held by AMG, and all of its subsidiaries and affiliates, including AlphaMetrix;

D. All keys, computer passwords, entry codes, PIN numbers, and combinations to locks necessary to gain or to secure access to any of the assets or documents of AMG and all of its subsidiaries and affiliates, including AlphaMetrix and all commodity pools operated by AlphaMetrix; and

E. Information identifying the accounts, employees, properties or other assets or obligations of AMG, and all of its subsidiaries and affiliates, including AlphaMetrix and all commodity pools operated by AlphaMetrix.

## III. COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that AMG and all of its subsidiaries and affiliates, including AlphaMetrix, their agents and representatives, and all other persons or entities served with a copy of this Order shall cooperate fully with and assist the Receiver in the performance of her duties. This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order; providing all keys, entry codes,

PIN numbers, and combinations to locks necessary to gain or secure access to any of the assets or documents of AMG and all of its subsidiaries and affiliates, including AlphaMetrix and all commodity pools operated by AlphaMetrix, and any password required to access any computer or electronic files in any medium of AMG and all of its subsidiaries and affiliates, including AlphaMetrix and all commodity pools operated by AlphaMetrix; and advising all persons who owe money to AMG and all of its subsidiaries and affiliates, including AlphaMetrix and all commodity pools operated by AlphaMetrix, that all debts should be paid directly to the Receiver. However, this requirement does not impinge on any person's right to assert applicable privileges. The Receiver shall reasonably cooperate with counsel defending AlphaMetrix and AMG in the defense of this matter, including providing documents relevant to the defense and documents requested by the CFTC.

## IV. ASSET FREEZE

**IT IS FURTHER ORDERED** that AMG and all of its subsidiaries and affiliates, including AlphaMetrix and all commodity pools operated by AlphaMetrix, are restrained and enjoined from, directly or indirectly, withdrawing, transferring, removing, dissipating, concealing, assigning, pledging, leasing, loaning, encumbering, disbursing, converting, selling, liquidating, alienating, or otherwise disposing of any funds, assets, or other property, wherever located, including funds, assets, or other property held outside the United States, except as authorized by the Receiver in accordance with this Order. The assets affected by this Paragraph shall include both existing assets and assets acquired after the effective date of this Order.

**IT IS FURTHER ORDERED** that, until further Order of this Court, any bank, financial or brokerage institution, entity, or person that holds, controls, or maintains custody of any funds, assets, or other property of AMG or any of its subsidiaries and affiliates, including AlphaMetrix

and all commodity pools operated by AlphaMetrix, or has held, controlled, or maintained custody of any funds, assets, or other property of AMG or any of its subsidiaries and affiliates, including AlphaMetrix and all commodity pools operated by AlphaMetrix, and who receives notice of this Order by any means, including facsimile, electronic mail, United Parcel Service, or Federal Express, shall:

A. prohibit AMG and all of its subsidiaries and affiliates, including AlphaMetrix, from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such assets, except as authorized by the Receiver in accordance with this Order;

B. deny AMG and all of its subsidiaries and affiliates, including AlphaMetrix, access to any safe deposit box that is:

1. titled in the name of or maintained by AMG or any of its subsidiaries or affiliates, including AlphaMetrix and all commodity pools operated by AlphaMetrix, whether individually, jointly, or in any other capacity, including safe deposit boxes titled in the name of or maintained by nominees of AMG or any of its subsidiaries and affiliates, including AlphaMetrix; or

2. otherwise subject to the control of or access by AMG or any of its subsidiaries and affiliates, including AlphaMetrix; and

C. cooperate with all reasonable requests of the CFTC relating to implementation of this Order, including producing records related to businesses of and accounts held by AMG and all of its subsidiaries and affiliates, including AlphaMetrix and all commodity pools operated by AlphaMetrix.

## V. PROHIBITION OF DESTRUCTION OF BOOKS AND RECORDS

**IT IS FURTHER ORDERED THAT** AMG and all of its subsidiaries and affiliates, including AlphaMetrix, are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, or disposing of any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records, or other property of AMG and all of its subsidiaries and affiliates, including AlphaMetrix, including all such records concerning the business operations of AlphaMetrix and any commodity pool operated by AlphaMetrix, wherever located.

## VI. ACCESS TO AND INSPECTION OF BOOKS AND RECORDS

**IT IS FURTHER ORDERED** that representatives of the CFTC be allowed immediately to inspect the books, records, and other documents of AlphaMetrix, any commodity pool operated by AlphaMetrix, and their agents, including, but not limited to, documents, correspondence, brochures, manuals, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of AlphaMetrix or others, and to copy said books, records, and other documents, either on or off the premises where they may be situated.

## VII. FURTHER VIOLATIONS OF THE ACT

**IT IS FURTHER ORDERED** that AlphaMetrix is restrained from engaging in conduct in violation of Sections 4b(a)(1)(A)-(C) and 4*o*(1) of the Act, 7 U.S.C. §§ 6b(a)(1)(A)-(C) and 6*o*(1) (2012).

## VIII. STAY

**IT IS FURTHER ORDERED** that except by leave of the Court, during the pendency of the receivership ordered herein, AMG and all of its subsidiaries and affiliates, including

AlphaMetrix, and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, or in the name of AMG and/or all of its subsidiaries and affiliates, including AlphaMetrix and all commodity pools operated by AlphaMetrix, the current or former officers and directors of AlphaMetrix or AMG, the Receiver, Receivership Assets, and/or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

A. Commencing, prosecuting, litigating, or enforcing any civil suit, except that actions may be filed to toll any applicable statute of limitations;

B. Petitioning or assisting in the filing of a petition, that would cause AMG or any of its subsidiaries and affiliates, including AlphaMetrix to be placed in bankruptcy;

C. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of AMG and all of its subsidiaries and affiliates, including AlphaMetrix, or any property claimed by AMG and all of its subsidiaries and affiliates, including AlphaMetrix, or attempting to foreclose, forfeit, alter or terminate any of AMG's and all of its subsidiaries and affiliates, including AlphaMetrix's interests in property, whether such acts are part of a judicial proceeding or otherwise;

D. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution, right of offset, or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of AMG and all of its subsidiaries and affiliates, including AlphaMetrix, or the Receiver or duly authorized agents acting in their capacities as such; and

E. Doing any act or thing to interfere with the Receiver taking control, possession or management of the Receivership Assets and any other property or assets subject to the receivership, or to in any way interfere with the Receiver or the duties of the Receiver, or to interfere with the exclusive jurisdiction of this Court over the property and assets of AMG and all of its subsidiaries and affiliates, including AlphaMetrix. This paragraph does not stay the commencement or continuation of an action or proceeding by a governmental or regulatory unit, such as the National Futures Association ("NFA"), to enforce such governmental or regulatory unit's police or regulatory power.

## IX. RECEIVER'S REPORT TO THE COURT AND COMPENSATION

**IT IS FURTHER ORDERED** that the Receiver maintain written accounts itemizing receipts and expenditures, describing properties held or managed, and naming the depositories of

receivership funds; make such written accounts and supporting documentation available to the Commission for inspection, and, within thirty (30) days of being appointed and periodically thereafter, as directed by the Court, file with the Court and serve on the parties a report summarizing efforts to marshal and collect assets, administer the receivership estate, and otherwise perform the duties mandated by this Order.

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them for those services authorized by this Order that when rendered were: (1) reasonably likely to benefit the receivership estate or (2) necessary to the administration of the estate. The Receiver and all personnel hired by the Receiver shall be compensated solely out of funds now held by, or in the possession or control of, or which may in the future be received by AMG and/or any of its subsidiaries and affiliates, including AlphaMetrix and all commodity pools operated by AlphaMetrix, or from proceeds of the sale of assets of AMG and any of its subsidiaries and affiliates, including AlphaMetrix. The compensation of the Receiver and her professionals shall be entitled to priority as administrative expenses. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than thirty (30) days after the date of this Order, and subsequent requests filed quarterly thereafter. The requests for compensation shall itemize the time and nature of services rendered by the Receiver and all personnel hired by the Receiver. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## X. NO BOND

**IT IS FURTHER ORDERED** that the Receiver is appointed without bond.

## XI. COURT MAINTAINS JURISDICTION

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

**IT IS SO ORDERED** on this 18th day of December, 2013.

Joan H Lefkow

**UNITED STATES DISTRICT JUDGE**

CONSENTED TO AND APPROVED BY:

/s/Juris Kins
Juris Kins
Davis McGrath LLC
Attorney for Defendant AlphaMetrix, LLC
and Relief Defendant AlphaMetrix Group, LLC
125 South Wacker Drive, Suite 1700
Chicago, IL 60606
jkins@davismcgrath.com
(312) 782-8477
Illinois ARDC No. 1468405

Dated: December 17, 2013

/s/Stephanie Reinhart
Stephanie Reinhart
Attorney for Plaintiff
U.S. Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, IL 60661
sreinhart@cftc.gov
(312) 596-0688 (direct dial)
(312) 596-0714 (facsimile)
Illinois ARDC No. 6287179

Dated: December 17, 2013

/s/ Randall M. Lending
Vedder Price P.C.
Attorney for Defendant AlphaMetrix, LLC
222 North LaSalle Street, Suite 2600
Chicago, IL 60601
rlending@vedderprice.com
(312) 609-7564
Illinois ARDC No. 6198407

Dated: December 17, 2013