# EXHIBIT 1

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into as of this ____ day of August____ 2016, by and between (i) Kevin C. Driscoll, not individually but as the court-appointed successor receiver for AlphaMetrix, LLC ("AlphaMetrix") and AlphaMetrix Group, LLC ("AMG") (the "Receiver"), one the one hand, and (ii) Aleks A. Kins ("Kins"), Charley Penna ("Penna"), George Brown ("Brown"), and Geoff Marcus ("Marcus") (collectively referred to herein as "Defendants"), on the other hand, with the Receiver and Defendants being the "Parties" when collectively referred to in this Agreement.

## RECITALS

WHEREAS, on November 3, 2013, the United States Commodity Futures Trading Commission ("CFTC") filed *U.S. Commodity Futures Trading Comm'n v. AlphaMetrix, LLC*, Case No. 13-cv-7896 in the United States District Court for the Northern District of Illinois (the "Receivership Case").

WHEREAS, on December 18, 2013, the Honorable Joan H. Lefkow appointed Deborah L. Thorne as temporary equity receiver for AMG and all of its subsidiaries and affiliates, including AlphaMetrix and all commodity pools operated by AlphaMetrix (collectively, the "AMG Entities"), and all funds, properties, premises, accounts, and other assets directly or indirectly owned, beneficially or otherwise, by AMG and all of its subsidiaries and affiliates, including AlphaMetrix and all commodity pools operated by AlphaMetrix ("Receivership Assets"). On October 21, 2015, the Court in the Receivership Case allowed Deborah L. Thorne to withdraw as receiver and the Court substituted Kevin C. Driscoll, Jr. as the receiver for the AMG Entities.

WHEREAS, on April 4, 2014, the Receiver filed a Complaint against Defendants in the

United States District Court for the Northern District of Illinois which commenced Case Number 14-2472 (the "Case"). The Case is presently pending before the Honorable Milton I. Shadur.

WHEREAS, on July 21, 2014, the Receiver filed an Amended Complaint in the Case, asserting various claims arising out of or relating to alleged acts or omissions made by the Defendants in the course of conducting the business of the entities in receivership.

WHEREAS, the Parties have participated in settlement negotiations, and (i) the Receiver has determined that it is in the best interest of the Receivership estate, and (ii) Defendants have determined that it is in their respective best interests, that the Parties settle the Case and all claims either raised or which could have been raised therein.

~~WHEREAS, this Settlement shall not be construed as an admission by any of the Parties~~ as to any of the Parties' rights or liabilities, and each of the Defendants specifically denies any liability to the Receiver or to any of the AMG Entities.

WHEREAS, this Agreement is contingent on the Receiver obtaining an order from the Court in the Receivership Case authorizing and approving of this Agreement (the "Approval Order").

NOW THEREFORE, in consideration of the promises and mutual covenants contained herein, and other good and valuable consideration received, the Parties agree as follows:

1. The Recitals are incorporated and made a part of this Agreement as if fully set forth herein.

2

## PAYMENT AND DISMISSAL

2. **Approval Order.** Within ten (10) business days of the execution of this Agreement, the Receiver shall file a motion in the Receivership Case seeking entry of the Approval Order.

3. **Payment to the Receiver.** Within twenty (20) business days of the entry of the Approval Order, the Defendants shall pay or cause to be paid $4,000,000.00 in good funds (the "Settlement Amount") to the Receiver for the benefit of the Receivership estate. The obligation is joint and several among all of the Defendants.

4. **Dismissal Order.** Within ten (10) business days of receiving the Settlement Amount, the Receiver shall present to the Court the proposed order attached as Exhibit A, and the Court shall enter an order in substantially the same form as Exhibit A, that shall dismiss the Case with prejudice and bar claims for contribution and indemnity in accordance with Paragraph 7 of this Agreement. The Receiver and the Defendants shall each bear their own costs and fees incurred in the Case.

5. **Release by the Receiver and the AMG Entities.** Effective upon the Receiver's receipt in good funds of the Settlement Amount as provided above, the Receiver, on behalf of himself, the AMG Entities and the Receivership estate, forever releases and discharges each of the Defendants, and each of their respective heirs, insurers, executors, administrators, representatives, assigns and personal agents (including attorneys who represented Defendants in the Case) (collectively the "Defendant Releasees") solely of and from any and all actions, disputes, controversies, rights, obligations, damages, liabilities, judgments, covenants, claims, causes of action, liens, grievances, disputes, defenses, charges, and promises of any kind and

nature, matured or unmatured, direct or derivative, fixed or contingent, foreseeable or unforeseeable, material or immaterial, direct or indirect, known or unknown, at law or in equity, including without limitation any claim, right or cause of action arising from any statute, contract, tort, common law or otherwise that the Receiver, or any AMG Entity, now holds or owns or has at any time previously held or owned, or may in the future hold or own, against any one or more of the Defendants that is arising out of or relating to: (a) the Case; (b) the alleged facts described in either the Complaint or Amended Complaint the Receiver filed in the Case; or (c) any other act or omission of a Defendant that occurred while they served as a manager, member, officer, employee, or agent of an AMG Entity. Notwithstanding the above, neither Juris Kins nor Davis McGrath are included in Defendant Releasees.

6. **Release by Defendants.** Effective upon the Receiver's receipt in good funds of the Settlement Amount as provided above, Defendants on behalf of themselves and the Defendant Releasees (the "Defendant Releasors") release and discharge the Receiver and the Receivership estate from any and all claims (including any claim asserted against the Receivership Estate), causes of action, liens, grievances, disputes, defenses, or charges of any kind that any of the Defendant Releasors ever had, now have or may in the future hold or own against the Receiver or the Receivership estate.

7. **Bar Order, Judgment Reduction and Good Faith Finding.** This settlement has been entered into by the Parties in good faith. Accordingly, it is the intent and agreement of the Parties that if the Receiver or the AMG Entities asserts any claims, rights, or causes of action against any third-party in any other action, proceeding, or arbitration based on the actions or omissions of a Defendant while they served as a manager, member, officer, employee, or agent

4

of an AMG Entity, the Defendants shall not be liable to that third-party and shall not pay or cause anyone to pay any money to that third-party based on claims made by that third-party against a Defendant or Defendants (regardless of the legal theory on which such claims may be based) for contribution (under any theory of law or equity including pro rata or otherwise) toward, or indemnity for, all or any part of the amount of any judgment, settlement, or arbitration award entered in favor of the Receiver or the AMG Entities against that third party, including attorneys' fees and costs. The Receiver shall reduce the amount of any judgment or arbitration award entered in the Receiver's or the AMG Entities' favor against any third-party for injuries that is awarded for the actions or omissions of a Defendant while they served as a manager, member, officer, employee, or agent of an AMG Entity by the amount the Receiver receives from the Defendants pursuant to this settlement agreement.

8. **The DOR Claims.** The Receiver shall also pay the Illinois Department of Revenue (the "DOR") the sum of $25,225.52 for Illinois withholding taxes for the periods of March 31, 2011, June 30, 2011, September 30, 2011, and December 31, 2011 together with any penalties and interest that may have accrued thereon and such payment shall be treated in the Receivership Case as a priority ahead of payments to holders of Class 1 interests/claims under the Plan of Distribution previously approved by the Court.

9. **Breach of Settlement Agreement.** Nothing in this Agreement shall constitute a waiver by any Party of their respective remedies for future breaches of this Agreement, and each Party retains the right to enforce the Agreement.

10. **No Admission of Liability.** The undertakings set forth in this Agreement represent the settlement of disputed claims. The Receiver, the AMG Entities, and the

Defendants agree that none of the negotiations for this settlement, the agreement to settle, the execution of this Agreement, anything stated in this Agreement, and the performance of any action hereunder, shall be deemed or construed as an admission of any wrongdoing or liability by anyone, nor shall this Agreement be admissible as evidence in any litigation or other proceeding against the Parties, except for a proceeding to enforce the terms of this Agreement.

11.  **Non-Disparagement.** Each Party hereto covenants and agrees to refrain from making or publishing any public or private, electronic, written or oral claims or statements, which defame, libel, disparage, or constitute an injurious falsehood about another Party. Each Party also covenants and agrees to refrain from issuing any press releases to the public or making any statements to the media concerning: (a) the Case; (b) the alleged facts described in either the Complaint or the Amended Complaint the Receiver filed in the Case; or (c) this Agreement; or making any publicly available statements that are inconsistent with paragraph 10 herein. Nothing shall be construed to prohibit or restrict the Parties from making statements concerning the Case in either the Receivership Case or this Case. Nothing in this subparagraph shall be construed or applied to limit the ability of any Party to fully and effectively defend himself, herself, or itself from and against any disparagement raised or alleged or stated against that Party.

## REPRESENTATIONS AND WARRANTIES

12.  **Power and Capacity.** Each Party hereto represents and warrants that he has the full power, capacity, and authority to execute and deliver this Agreement, and to perform its obligations hereunder, and has done so freely and voluntarily, with full knowledge and without duress. Defendants each represent and warrant that they collectively have a source(s) for

6

payment of the Settlement Amount required hereunder. Receiver further represents and warrants that he has the full power, capacity, and authority to bind each of the AMG Entities.

13.  **No Assignment of Claims.** The Receiver represents and warrants that neither he nor an AMG Entity has assigned, transferred, conveyed, encumbered, or otherwise disposed of all or any part of any claims or other rights or causes of action against any Defendant

14.  **No Other Promises or Inducement.** Each Party hereto expressly represents and warrants that no promise or inducement has been offered, except as set forth herein, in connection with this Agreement. This Agreement is executed without reliance upon any statement or representation of any person or party, or their representatives other than those set forth herein. Acceptance of the consideration set forth herein is in full accord and satisfaction of each of the claims which are disputed or could have been disputed herein.

## MISCELLANEOUS

15.  **Entire Consideration and Agreement.** This Agreement sets forth the entire consideration for this Agreement, which consideration is contractual and not a mere recital. This Agreement contains the entire understanding of the Parties with regard to the subject matter contained herein and supersedes all prior agreements, understandings or intents between the parties concerning the issues addressed and resolved herein.

16.  **Amendments.** Except as expressly provided herein, this Agreement may not be modified or amended except by an instrument or instruments in writing signed by that party or parties against whom enforcement of any such modification or amendment is sought.

17.  **Advisors.** Each party hereto acknowledges that it has had the benefit of counsel of its choice in connection with the negotiation, drafting, and entry into this Agreement.

18. **Construction.** Each party hereto acknowledges that it has had input into the drafting of this Agreement, and therefore that this Agreement shall be interpreted without regard to rules of construction which would construe any ambiguities against the party who drafted the Agreement.

19. **Governing Law and Forum.** This Agreement is made and entered into in the State of Illinois and shall, in all respects, be interpreted, enforced and governed by the laws of the State of Illinois, without regard to choice of law principles. The parties further agree that any dispute relating to or arising out of this Agreement shall be litigated and adjudicated in the United States District Court for the Northern District of Illinois.

20. **Notices.** Any notice required or permitted under this Agreement shall be given in writing and shall be sent to the following Parties via electronic mail with a copy sent by overnight mail or hand delivery:

   To the Receiver

   Paula Jacobi
   Barnes & Thornburg LLP
   One North Wacker Drive, Suite 4400
   Chicago, IL 60606
   pjacobi@btlaw.com

   To Defendants Aleks Kins and/or Charley Penna

   Steven S. Scholes
   McDermott Will & Emery LLP
   227 W. Monroe Street
   Chicago, IL 60606
   sscholes@mwe.com

   To Defendant George Brown

   Kevin M. Flynn
   Kevin M. Flynn & Associates

190 South LaSalle Street, Suite 3850
Chicago, IL 60603
kevin@kmflynnlaw.com

To Defendant Geoffrey Marcus

Steven Malina
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 310
Chicago, IL 60601
malinas@gtlaw.com

21. Counterparts. This Agreement may be executed in one or more counterparts and shall become effective when one or more counterparts have been signed by each of the Parties. Signature may be made by pdf signature.

*Intentionally left blank*

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date specified on the first page hereof.

Kevin C. Driscoll, not individually but as receiver
for AlphaMetrix, LLC and AlphaMetrix Group, LLC

_____

Aleks A. Kins                                                                    Charley Penna

*[signature]*

_____                                      _____

George Brown                                                              Geoff Marcus

_____                                      _____

DM_US 75297286-4.094765.0011

10

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date specified on the first page hereof.

Kevin C. Driscoll, not individually but as receiver
for AlphaMetrix, LLC and AlphaMetrix Group, LLC

_____

Aleks A. Kins                                              Charley Penna

                                                           */s/ Charley A. Penna*

_____                             _____

George Brown                                               Geoff Marcus

_____                             _____

DM_US 75297286-4.094765.0011

10

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date specified on the first page hereof.

Kevin C. Driscoll, not individually but as receiver
for AlphaMetrix, LLC and AlphaMetrix Group, LLC

---

Aleks A. Kins                                  Charley Penna

---                                            ---

George Brown                                   Geoff Marcus

---                                            ---

DM_US 75297286-2.094765.0011

10

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date specified on the first page hereof.

Kevin C. Driscoll, not individually but as receiver
for AlphaMetrix, LLC and AlphaMetrix Group, LLC

_____

Aleks A. Kins                               Charley Penna

_____               _____

George Brown                                Geoff Marcus
                                            _____

DM_US 75297286-4.094765.0011

10

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEVIN C. DRISCOLL, not individually but as COURT-APPOINTED RECEIVER OF ALPHAMETRIX, LLC AND ALPHAMETRIX GROUP, LLC | )<br>)<br>)<br>)<br>) Case No. 14-2472 |
| Plaintiff, | )<br>) Hon. Milton I. Shadur |
| v. | )<br>) |
| ALEKS A. KINS, CHARLEY PENNA, GEOFF MARCUS and GEORGE BROWN, | )<br>)<br>) |
| Defendants. | ) |

## [PROPOSED] DISMISSAL ORDER AND FINDING OF GOOD FAITH SETTLEMENT

THIS MATTER coming to be heard on the Motion for Dismissal Order and Finding of Good Faith Settlement, due notice having been given, and the Court being fully advised, the Court makes the following findings of fact and conclusions of law:

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a) and the doctrines of supplemental and ancillary jurisdiction.

B. The Court-appointed successor receiver, Kevin C. Driscoll (the "Receiver"), for AlphaMetrix Group, LLC and all of its subsidiaries and affiliates, including AlphaMetrix, LLC and all commodity pools operated by AlphaMetrix (collectively, the "AMG Entities"), filed a motion (the "Receivership Motion") in the case entitled *U.S. Commodity Futures Trading Comm'n v. AlphaMetrix, LLC*, Case No. 13-cv-7896 (N.D. Ill., filed Nov. 3, 2013) (the "Receivership Proceeding") that sought the approval of the settlement agreement entered into by the parties in the instant litigation (the "Settlement Agreement")

C. The Receivership Motion was uploaded to the Receiver's website, www.btclientconnect.com, and notice of the Receivership Motion was served on the parties that have appeared and requested notice in the Receivership Proceeding (the "Notified Persons") pursuant to the Court's CM/ECF system.

D. The Court in the Receivership Proceeding granted the Receivership Motion and has entered an order authorizing the Receiver to enter into this Settlement Agreement.

E.  All Notified Persons received advance notice of the Receiver's Motion and of the relief requested therein, including the terms of the Settlement Agreement that include the proposed finding of good faith and the proposed Contribution Bar Order; all Notified Persons and all other persons who appeared in the Receivership Proceeding on the Receivership Motion or who otherwise expressed an interest in appearing or in being heard, had a full and fair opportunity to object to the Receiver's Motion or the relief requested and to present arguments and evidence in support of any such objection.

IT IS HEREBY ORDERED:

1. This Court expressly finds that the settlement entered into between the Receiver and Defendants Aleks A. Kins, Charley Penna, Geoffrey Marcus, and George Brown (the "Defendants") has been made and entered into in good faith pursuant to the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/10, *et seq.*

2. Defendants are discharged from any and all liability for contribution to any other tortfeasor pursuant to the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/1, *et seq.*

3. Further, to the maximum extent allowed by applicable state or federal law, the Court bars and discharges any and all claims for contribution, and all claims for indemnification or the like, to the extent provided for in paragraph 7 of the Settlement Agreement, which is attached hereto as Exhibit A.

4. This action is dismissed with prejudice, with the parties to bear their own attorneys' fees and costs.

Dated: _____

_____
Hon. Milton Shadur
United States District Judge

DM_US 75140817-2.094765.0011

DMS 4291766v1